Evans J.
delivered the opinion of the Court.
There are two counts in the indictment. The first is framed on the Act of 1834, and charges, that the defendant being a vendor of spirituous liquors, did deliver a pint of whiskey to a slave. The second is on the Act of 1817, for dealing, trading^ and trafficking with a slave for a pint of whiskey. Both these counts were intended to cover the same transaction. The second count is clearly defective. There is no place alleged where the offence was committed so as to give the Court jurisdiction. There is a general verdict of guilty, and the question is, whether any judgment can be pronounced on the verdict. In order to meet the proof, it is usual to charge the defendant with several distinct misdemeanors in different counts in the same indictment, and it would seem, from the authorities, (see Arch. Cr. Pl., 61; Rex v. Jones, 2 Camp., 131,) that two or more separate offences, as assaults and libels, may be joined in the same indictment, provided the punishment be the same. That is the criterion, and hence this Court decided in the State v Boise, and Stuke, 1 M'M., 189, that larceny, which is a felony at common law, might be joined with a count for receiving stolen goods, which is only a misdemeanor by statute, because both are now by our law punished in the same way; and in *460 such case, where the punishment is identically the same for each, 1 suppose a general verdict would suffice, although there might be a defective count in the indictment, on the authority of the case of the State v. Poole, 2 Tread., 494, which I believe has been followed ever since. In that case, it was held, that where there is one good count in the indictment to which the evidence applies, a general verdict, will be supposed. But in the case under consideration, although the offences charged in both counts are of the same class, and both punished in the same way by fine and imprisonment, yet both the fine and imprisonment under the Act of 1817, are much greater than under the Act of 1834. It was decided in the case of the State v. Evans, 3 Hill, 190, that so far as regards the classes of persons named in the Act of 1834, retailers, vendors, and distillers, that Act must be considered as a repeal of the Act of 1817. Such persons could only be punished under the Act of 1834, for the offences therein named. Offences under these Acts, it would seem, are different offences, but still, according to rules of criminal pleading, may be joined in the same indictment, but not in the same count. Yet, on a general verdict of guilty, the Court would not know on which count to pass the sentence. From any thing which the Court can know, the jury not regarding the defendant as a vendor of spirituous liquors under the Act of 1834, have convicted him on the defective count framed on the Act of 1817, on which no sentence can be passed. If the verdict had indicated on which count the jury found him guilty, no difficulty would exist, in determining whether any and what sentence should be passed on the defendant. If the conviction had been on the second, which is the deiectivecount, no sentence could be passed, and if the jury had found him guilty on the first count, I am very strongly inclined to the opinion that he does not come within that description of vendors of spirituous liquors, in whose favor the Act of 1834 was passed, to mitigate the severity of the punishment imposed by the Act of 1817. We do not see any ground to arrest the judgment, but for the reasons before stated, anew trial must be granted, and it is so ordered.